**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Eun Hee Kim | ) | |
| | ) | Case No. 16-cv-9138 |
| Plaintiff, | ) | |
| v. | ) | |
| Chicago Cosmetic Surgery, Inc. , Michael Y. | ) | |
| Byun and Grace Byun | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Eun Hee Kim, through her attorneys, for her Complaint against Chicago

Cosmetic Surgery, Inc., Michael Y. Byun and Grace Byun ("Defendants"), states as

follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.        This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for

Defendants' failure to pay minimum and overtime wages to Plaintiff. During the course

of her employment by Defendants, Plaintiff is paid wages less than both the federal and

State of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess

of forty (40) hours per week, Plaintiff was not paid overtime wages properly. Plaintiff

further alleges that Defendants' failure to pay the regular and overtime wages is willful

and intentional.

### THE PARTIES

2.        Plaintiff Eun Hee Kim is a former employee of the Defendants. She provided

physical labor, performing home care service for defendants.

1

3.      Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

4.      Plaintiff has at all times relevant hereto resided in the State of Illinois.

5.      Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6.      Plaintiff is filing this FLSA claim as an individual action for herself.

7.      Plaintiff Kim was employed as a Home Health Aide from April 22, 2013, to September 4, 2016, and worked at Defendants Byun's father's home. Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8.      Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of her continued employment.

9.      Plaintiff regularly worked more than 40 hours a week while employed by Defendants and was never paid the proper amount of overtime wages.

10.     Plaintiff performed manual labor for Defendants.

11.     Plaintiff was assigned to the said manual labor by Defendants.

12.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

13.     Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

14.     Plaintiff was required to report to work for Defendants at a certain time.

15.     Plaintiff could not set her own hours of work for Defendants.

16.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

17.     Defendants, Michael Y. Byun and Grace Byun managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

18.     Defendants participated in and approved of the unlawful pay practices at their father's home in Buffalo Grove, IL.

19.     Defendants were involved in assigning work to Plaintiff.

20.     Defendants had the power and authority to discipline Plaintiff.

21.     Defendants exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

22.     Defendants hired Plaintiff.

23.     Defendants were in charge of paying employees.

24.     Defendants told Plaintiff where to work and when to work.

25.     Defendants employed Plaintiff to do work for them in the State of Illinois.

26.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

27.     Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

28.     Defendants held Plaintiff out as an employee.

29.     Defendants employed and paid Plaintiff as their employee.

30.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

31.      Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

32.      No exemption from overtime wages applied to Plaintiff's employment with Defendants.

33.      Defendants never obtained legal advice or counsel them that overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

34.      Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

35.      No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

36.      Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

37.      Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

38.      Defendant Chicago Cosmetic Surgery, Inc. is an Illinois corporation doing business as a Plastic Surgery Clinic and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

39.      Defendant Michael Byun is citizen and resident of Lake county and the President of Defendant Chicago Cosmetic Surgery, Inc.

**JURISDICTION AND VENUE**

40.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C.

4

§ 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**

41.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

42.     This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

43.     For the period commencing on or about April 22, 2013, until September 4, 2016, Plaintiff Eun Hee Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

44.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of her continued employment.

45.     Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours she worked in a day or the number of hours she worked in a workweek.

46.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

47.     During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

48.     Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

49.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

50.     Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

51.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

52.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

<u>COUNT II</u>
**Violation under Fair Labor Standards Act - Minimum Wage Claims**

53.      Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

54.      The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

55.      At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

56.      During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

57.      Plaintiff did not perform job duties or tasks that permit her to be exempt from minimum wage as required under the FLSA.

58.      The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.      Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

60.      Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### Violation of the Illinois Minimum Wage Law - Minimum Wages

61.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

62.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

63.     The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

64.     At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

65.     Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

66.     Defendants did not compensate Plaintiff minimum wages for all hours worked.

67.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

68.     Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover her unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours worked;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS

105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages

69.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

70.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

71.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

72.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

73.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

74.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

75.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to

compensate Plaintiff at one and one-halftimes their regular rate of pay for hours worked in excess of forty (40) hours per week.

76.     Pursuant to 820 ILCS 105/12*(a)*, Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.     Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.


## JURY TRIAL

   A jury trial is demanded on all Counts.

                     Respectfully submitted,

Dated: September 22, 2016

                               _/s/ Ryan Kim_____
                               Ryan J. Kim

                                INSEED LAW, P.C.
                               2454 E Dempster St Suite 301
                               Des Plaines, IL 60016
                               Attorney for Plaintiff